UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MICHAEL OLEKSAK,

    Plaintiff,

vs.

SANTANDER CONSUMER
USA, INC.,

    Defendant.
_____/

CASE NO.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, MICHAEL OLEKSAK ("Plaintiff"), files this lawsuit against Defendant, SANTANDER CONSUMER USA, INC., ("Defendant"), and alleges the following.

1. This is an action for damages arising from the Defendant's violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq.*, and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2. Plaintiff is an individual residing in Broward County, Florida. Plaintiff is the "called party" and is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

3. Defendant has its principal place of business located in Dallas, Texas and does business in Florida. The Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims. This Court should exercise supplemental

jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTUAL ALLEGATIONS

6. In or about February, 2014, Plaintiff procured a loan with the Defendant, using his automobile as collateral for the loan (hereinafter "Subject Debt").

7. The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

8. Shortly thereafter, Plaintiff suffered an injury that caused him financial trouble, leaving him unable to work and thus make payments to Defendant.

9. In the end of March, 2014, Plaintiff contacted Defendant to try and work out a payment plan with Defendant. Plaintiff made a payment and was told that his next payment would not be due until the end of April, 2014.

10. Disregarding this payment plan, Defendant began a campaign of harassing and abusive efforts in an attempt to collect the Subject Debt owed by Plaintiff.

11. As part of its efforts to collect the Subject Debt, the Defendant began a campaign of calling Plaintiff's cellular telephone number, i.e., (954-326-8688), and his home telephone number, i.e., (954-753-9596). The Defendant's calls were made frequently and often multiple times per day.

12. Plaintiff requested the Defendant numerous times to stop calling his cellular telephone and home telephone.

13. Additionally, the Defendant has called Plaintiff's daughter numerous times on her cellular telephone without Plaintiff's consent.

14. Despite Plaintiff informing the Defendant for his reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

15. Further, Defendant routinely used an automatic telephone dialing system to call Plaintiff on his cellular phone and/or leave prerecorded messages on Plaintiff's cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling his cellular telephone.

16. The Defendant made approximately fifty (50) calls to Plaintiff's cellular phone, or as will be established after a thorough review of Defendant's records. Below is a non-exclusive sampling of recent calls:

   a. 4/10/15 at 11:47 AM
   b. 4/10/15 at 11:47 AM
   c. 4/10/15 at 5:44 PM

17. The Defendant's willful conduct has caused Plaintiff distress, anxiety, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FCCPA, FLA. STAT. § 559.55 *et seq.*

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

19. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

20. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for each violation of the FCCPA, plus actual damages and his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT II
## VIOLATIONS OF THE TCPA, U.S.C. § 227 *et seq.*

21. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

22. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

23. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls

were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

25. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

26. Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

 */s/ Jon Dubbeld*_____
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Jon Dubbeld, Esq.
Fla. Bar No. 105869
Disparti Law Group, P.A.
2154 Duck Slough Blvd. Suite 101
Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiff*